CANADA v. STATE.    (7 Div. 850.)

(Court of Appeals of Alabama. Feb. 6, 1923.
Rehearing Denied March 6, 1923.)

1. Criminal law ⬡⬡828—Court cannot charge on effect of evidence, without written request therefor.

The court may not charge on the effect of evidence, without written request therefor.

2. Intoxicating liquors ⬡⬡236(19)—Evidence showed defendant's possession of a still.

In a prosecution for possessing a still, evidence of a qualified witness that he caught defendant in the act of distilling, and the stuff

he found was what was used for making liquor, showed possession by defendant.

Appeal from Circuit Court, Talladega County; A. P. Agee, Judge.

General Canada was convicted of possessing a still and he appeals. Affirmed.

W. P. Campbell, a witness for the state, after testifying that he was one of the officers who caught the defendant in the act of distilling and made the arrest, was asked by the solicitor:

"I will ask you if you know of your own knowledge, from your experience in handling—observation—of the making of this illicit liquor, if that stuff you found there is what is used for making liquor?"

To the question defendant objected. The court overruled the objection, and the witness answered: "Yes, sir."

J. C. Burt, of Talladega, for appellant.

A witness to testify as an expert must first be shown to be such. 118 Ala. 589, 24 South. 86; 140 Ala. 298, 37 South. 325; 149 Ala. 359, 43 South. 122, 13 Ann. Cas. 1090; 159 Ala. 42, 49 South. 224, 133 Am. St. Rep. 17.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The indictment was in two counts. The verdict responded to the second count, and therefore any rulings relating solely to the first count may be eliminated.

[1] It is first contended that the court, ex mero motu, should have given the general charge for the defendant. This contention is contrary to all of the authorities on the subject. The court may not charge on the effect of the evidence, without being requested to do so in writing.

The principal contention of the defendant is that the crime, if a crime, was committed in Clay county, and not in Talladega. Under the testimony, this question was properly submitted to the jury.

The witness Campbell was sufficiently qualified as an expert in such matters to testify that the stuff found in possession of defendant was used for making liquor. Moreover, no motion was made to exclude the answer to this question.

[2] There was evidence that the defendant was in possession of a still.

We find no error in the record, and the judgment is affirmed.

Affirmed.